UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN SWANIGAN,

    Petitioner,

v.                                                        Case No. 06-10775

JERI-ANN SHERRY,

    Respondent.
                                     /

**OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTIONS,
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO
ISSUE CERTIFICATE OF APPEALABILITY**

On October 26, 2009, Magistrate Judge Paul J. Komives filed a Report and Recommendation ("R&R") in the above-captioned matter, recommending that the court deny Petitioner's application for a writ of habeas corpus. Petitioner filed timely objections on November 5, 2009. Respondent did not file a response brief. Having reviewed the filings, the court will overrule Petitioner's objections and adopt the R&R.

**I. BACKGROUND**

On July 17, 2003, Petitioner was convicted of possession of marijuana and cocaine with intent to distribute, and possession of a firearm during the commission of a felony. The details of the procedural history that followed Petitioner's conviction are well described in the Magistrate Judge's R&R, so only a rough outline will be given here. Petitioner appealed as of right to the Michigan Court of Appeals and lost. The court of appeals denied his motion for a rehearing. The Michigan Supreme Court denied Petitioner's request for leave to appeal, and he then filed a petition for a writ of habeas corpus with this court. This court ordered that his petition be held in abeyance,

concluding that he had not exhausted his administrative remedies. Following this court's order, Petitioner filed a motion for post-conviction relief in state trial court. That motion was denied, and this court lifted the stay of this case.

Petitioner raises five claims in his application for habeas corpus: (1) the trial court erred in instructing the jury that Petitioner could be found guilty if it found that he possessed any of the firearms in the house rather than only the nine-millimeter firearm that was described in the informatio; (2) Petitioner was denied a fair trial and his right to remain silent when the prosecutor elicited evidence and commented on his pre-arrest silence; (3) Petitioner was denied his right to a fair trial and his right to confront witnesses when the prosecutor elicited evidence of the silence of third parties who were in the house where Petitioner was arrested; (4) There was insufficient evidence to convict Petitioner; and (5) the prosecutor committed misconduct by commenting on the fact that Petitioner was named in a search warrant. Magistrate Judge Komives rejected each of these arguments, and recommended dismissal of Petitioner's petition. Petitioner now objects to the Magistrate Judge's recommendation on each of these five arguments, largely based on the same reasoning presented in his application for a petition of a writ of habeas corpus. For the reasons stated below, the court agrees with the R&R and overrules Petitioner's objections. The court will adopt the Magistrate Judge's recommendation and dismiss the petition for a writ of habeas corpus.

## II. STANDARD

The filing of timely objections to a Magistrate Judge's R&R requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see *United*

*States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  This de novo review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).  The court may "receive further evidence" if desired.  *Id.*

### III.  OBJECTIONS

Defendant makes eight objections to the Magistrate Judge's report and recommendation.  After making a de novo review of each objection and its underlying facts, the court will overrule Petitioner's objections and adopt the Magistrate Judge's report.

### A.  Objection No. 1

The Magistrate Judge found that Petitioner's first claim (jury instruction) and third claim (third-party silence) were procedurally defaulted.  The Magistrate Judge reasoned that, in denying Petitioner's motion for post-conviction relief, the trial court rejected these two claims based on Michigan Court Rule 6.508(D)(3).  Rule 6.508(D)(3) was the basis of the trial court's decision, because the other possible basis, Rule 6.508(D)(2), requires an earlier state-court decision on the merits.  The jury-instruction argument was never reviewed by a state court on the merits, because it was first raised in a motion for rehearing with the court of appeals.  *See Forton v. Laszar*, 463 Mich. 969, 969 (Mich. 2001).  The third-party silence argument was first raised in Petitioner's application for leave to appeal to the Michigan Supreme Court.  Since denials of leave by the Michigan Supreme Court are discretionary, this claim was not reviewed on the merits.  Petitioner argues that the Magistrate Judge erred in finding that the third-party silence claim was

3

not raised during his direct appeal to the court of appeals. But Petitioner conflates raising the admissibility of the third parties' silence, which he did on direct appeal by claiming that it was inadmissible hearsay, with raising a violation of his right to confront witnesses, which he raise here, but raised for the first time in his application for leave to appeal to the supreme court. As the Magistrate Judge correctly reasoned, since the trial court denied post conviction relief on these two claims based on a procedural state law, independent of the federal question, habeas review is inappropriate unless a petitioner shows cause for the default and prejudice, or actual innocence. Petitioner has produced nothing suggesting either, and habeas relief is therefore not appropriate based on Petitioner's first or third claim.

### B.  Objections Nos. 2 & 3

Petitioner objects to the Magistrate Judge's recommendation on the merits of Petitioner's first and third claims. The court need not reach these objections because it found that Petitioner's first and third claims are procedurally barred.

### C.  Objection No. 4

Petitioner also objects to the Magistrate Judge's recommendation that there was no prosecutorial misconduct. Petitioner argues that the Magistrate Judge failed to consider the "pattern of misconduct." (Pet.'s Objs. 10.) This argument is unpersuasive, because many of the constituents of the alleged "pattern" were not, as the Magistrate Judge points out, misconduct. The Magistrate Judge cannot be faulted, for example, for failing to consider the prosecutor's mention of third-party silence in the misconduct analysis, because mentioning that silence was not misconduct. Because the court

4

agrees with the Magistrate Judge's well-reasoned and thorough recommendation, it will overrule Petitioner's objection.

### D. Objection No. 5

Petitioner objects to the Magistrate Judge's recommendation that Petitioner's right to remain silent was not violated when the prosecution elicited evidence of his pre-arrest silence. The Magistrate Judge reasoned that although several circuits, including the Sixth Circuit, have held that the Fifth Amendment is implicated when a defendant's pre-arrest silence is used as substantive evidence of guilt, the question of pre-arrest silence is one on which federal courts are equally divided. Importantly, the Supreme Court has not held that substantive evidence of pre-arrest silence implicates the Fifth Amendment. *Combs v. Coyle*, 205 F.3d 269, 283 (6th Cir. 2000). The claim is therefore not a proper basis for habeas relief. *See Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 (2009).

### E. Objection No. 6

Petitioner objects to the recommendation that his right to a fair trial and his right to confront witnesses was not violated when the prosecutor elicited evidence of the third-party silence. Because this claim was procedurally defaulted, the court need not reach this objection.

### F. Objection No. 7

Petitioner objects to the Magistrate Judge's recommendation that habeas relief is not justified by Petitioner's insufficient-evidence argument. The court is convinced that the evidence cited by the Michigan Court of Appeals is sufficient to justify

conviction—especially under the deferential standard afforded state courts during habeas review.

### G. Objection No. 8

Finally, Petitioner objects to the Magistrate Judge's recommendation that the court reject Petitioner's argument that he was denied a fair trial by the introduction of and the prosecutor's comments on evidence that Petitioner was named in a search warrant. The court agrees with the Magistrate Judge that, even assuming that introducing evidence of Petitioner's name in the warrant was improper, the error could not rise to the level of violating Petitioner's due process rights.

### IV. CERTIFICATE OF APPEALABILITY

A defendant must receive a certificate of appealability ("COA") in order to appeal the denial of a § 2255 motion. 28 U.S.C. §§ 2253(c)(1)(B). A district court, in its discretion, may decide whether to issue a COA at the time the court rules on a § 2255 motion or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled in part on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997). In denying the § 2255 motion, the court has studied the case record and the relevant law, and concludes that, as a result, it is presently in the best position to decide whether to issue a COA. *See Castro*, 310 F.3d at 901 (quoting *Lyons*, 105 F.3d at 1072) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA).

6

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the defendant demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A [defendant] satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the defendant's claims.  *Id.* at 336-37.  The court concludes that jurists of reason would not find the court's assessment of the constitutional claims debatable or wrong.  The court thus declines to issue Defendant a certificate of appealability.

## V.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Petitioner's Objections [Dkt. # 35] are OVERRULED and the Magistrate Judge's Report and Recommendation [Dkt. # 34] is ADOPTED AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Petitioner's application for a writ of habeas corpus [Dkt. # 1] is DENIED.

IT IS FURTHER ORDERED that the court DECLINES to issue a certificate of appealability.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  November 30, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 30, 2009, by electronic and/or ordinary mail.

        s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522